FILED BY ____ D.C.
04 AUG 26 PM 1:57

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PAUL S. MARKOWITZ,

    Plaintiff,

v.

    No. 04-2411 Ma/An

CITY OF MEMPHIS POLICE
OFFICER JOHN HARPER and CITY
OF MEMPHIS POLICE OFFICER B.
GIANNINI,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This case arises from alleged abuses committed by two City of Memphis police officers when they arrested Plaintiff Paul Markowitz. Plaintiff sues under 42 U.S.C. § 1983, 42 U.S.C. § 1985,[1] and Tennessee state law for assault, battery, intentional infliction of emotional distress, libel, and defamation of character. Before the court are two motions to dismiss or, in the alternative, for summary judgment. Defendant Giannini filed his motion on July 15, 2004, and Defendant Harper filed an almost identical motion on July 22, 2004. Plaintiff filed a single response to both motions on August 17, 2004. For the following reasons, the court GRANTS the motions to summary judgment.

---

[1] The complaint actually states that Plaintiff sues under 42 U.S.C. § 1885 for conspiracy to violate constitutional rights. Based on the allegations, Plaintiff clearly intended 42 U.S.C. § 1985 rather than § 1885.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-26-04

## I. Background

### A. Factual Background

The complaint alleges the following facts. All parties are residents of Memphis, Tennessee. (Compl. at ¶¶ 4-6.) On the evening of January 30, 2002, Markowitz was driving home when he approached a group of youths loitering on Greer Street near Spotswood Avenue. (Id. at ¶ 10.) Markowitz turned on his bright headlights and slowed to a near stop to avoid hitting anyone. (Id.) At approximately the same time, the youths scattered and City of Memphis Police Officer John Harper approached Markowitz's vehicle. (Id. at ¶ 11.) Harper apparently commented on Markowitz's bright lights and forced him to come to a complete stop. (Id.) Harper then checked Markowitz's driver's license and determined that it was valid and that there were no outstanding warrants against Markowitz. (Id. at ¶ 13.)

When Harper requested Markowitz's licence, Markowitz, who is Jewish, realized that Harper had verbally harassed him on the basis of his ethnicity at a convenience store five or six months earlier. (Id. at ¶ 14.) After checking Markowitz's license, Harper ordered Markowitz to exit his vehicle and placed him in handcuffs. (Id.) Markowitz alleges that Harper made the handcuffs unnecessarily tight to cause him pain. (Id.) Markowitz feared that the stress of the situation would induce seizures or a "discontinuation syndrome attack," both of which he had apparently suffered previously. (Id. at ¶ 15.) Markowitz then told Harper that, if he were being placed

2

under arrest, he would need the anti-seizure medication from his vehicle and he would also need to be taken to a hospital. (Id.) Harper ignored Markowitz's requests. (Id.)

Sometime thereafter, Harper's supervisor, Officer Giannini, arrived on the scene. (Id. at ¶¶ 6, 16.) Giannini advised Harper to fill out a police report stating that Harper had located an extremely large amount of marijuana on Markowitz, although Markowitz possessed no marijuana either on his person or in his vehicle. (Id. at ¶ 16.) Markowitz told Giannini of his medical concerns and that he needed to be taken to a hospital, but was again ignored. (Id.)

At this point, Markowitz requested several times that Harper turn down the Christian gospel music playing in Harper's squad car. (Id.) Instead of complying, Harper turned up the volume and placed Markowitz in the squad car by himself. (Id.) Markowitz further alleges that during the events that occurred on the evening of January 30, 2002, Harper made several inappropriate comments about Markowitz's faith and/or ethnicity. (Id.) Harper eventually transported Markowitz to the Shelby County Jail without his medication and without having taken him to the hospital. (Id. at ¶ 17.) Markowitz alleges that he suffered either seizures or discontinuation syndrome attacks on January 30, 2002, before his release from jail.

## B. Procedural Background

On January 30, 2003, Plaintiff filed suit in this court against Harper, Giannini and a number of other defendants in a case styled <u>Markowitz v. Harper</u>, 03-2063. Although summonses were issued to both Harper and Giannini on January 30, 2003, the docket does not indicate that return service was executed as to them or any other defendant in that case. On May 30, 2003, the case was voluntarily dismissed without prejudice at Plaintiff's request.

On June 1, 2004, Plaintiff initiated the present action. The present cause of action is virtually identical to that filed on January 30, 2003. Harper and Giannini have submitted separate affidavits in which each states that he never received a copy of the January 30, 2003 complaint or the Notice of Voluntary Dismissal filed in that case. (Harper Aff. at ¶¶ 6-7; Giannini Aff. at ¶¶ 6-7.) Each denies that he had any notice of the prior suit before being served a summons and complaint in the present case. (Harper Aff. at ¶ 4; Giannini Aff. at ¶ 4.)

Plaintiff's attorney Charles R. Curbo has submitted an affidavit stating that he had summonses issued for Harper and Giannini, care of the City of Memphis Police Department. (Curbo Aff. at 2.) Curbo also states that he mailed a copy of the complaint along with a copy of the Notice of Voluntary Dismissal to the officers, care of The City of Memphis Police Department Court Coordinator Unit. (<u>Id.</u> at 4.) Further, Markowitz advised Curbo,

before the voluntary dismissal, that a Shelby County Assistant Attorney General had a copy of the complaint in case number 03-2063. (Id.) The Assistant Attorney General allegedly told Markowitz that the officers involved (presumably Harper and Giannini) were concerned about the pending lawsuit and that it would be easier to settle the criminal case against Markowitz if the federal lawsuit went away. (Id.) Markowitz told Curbo "not to take any further action" in the federal case while his criminal case was pending. (Id. at 4-5.) Based on that statement, Curbo filed the Notice of Voluntary Dismissal. (Id. at 5.)

## II. Analysis

Defendants argue that Plaintiff's action is barred by the statute of limitations. Plaintiff counters that the statute of limitations was tolled by the earlier suit and that he had until one year after the voluntary dismissal of that case to file another action making the same allegations.

Sections 1983 and 1985 do not contain a statute of limitations. Moore v. Potter, 2002 WL 31096673, at *2 (6th Cir. Sept, 18, 2002). The Sixth Circuit has held that the one-year statute of limitations for personal injury actions under Tennessee law also applies to § 1983 and § 1985 actions brought for personal injuries in Tennessee. See id. (citing Tenn. Code Ann. § 28-3-104(a)). When the court considers state law in deciding what statute of limitations applies to a federal claim, the court also

must apply the state rule for tolling the statute of limitations unless that application would be inconsistent with federal law. Bd. of Regents of the Univ. of the State of New York v. Tomanio, 446 U.S. 478, 483, 486 (1980). The statute of limitations and tolling rules for state law claims are also controlled by state law.

The Tennessee savings statute, T.C.A. § 28-1-105(a), and Tennessee Rule of Civil Procedure 41.01 provide the relevant state tolling rules. The Tennessee savings statute states:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against plaintiff upon any ground not concluding the plaintiff's right of action … the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

T.C.A. § 28-1-105(a). Plaintiff argues that his filing of a Notice of Voluntary Dismissal did not conclude his right of action and that he had one year from the date the notice was filed to file a second suit. Voluntary dismissals under Tennessee law are governed by Rule 41.01 which provides:

> Subject to the provisions of Rule 23.05 or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party.

The Tennessee Supreme Court has explained that Rule 41.01's

requirement that both a complaint and the Notice of Voluntary Dismissal be served on the defendant achieves two purposes: (1) it gives the defendant notice of the action and the filing of the complaint and (2) it puts the defendant on notice that the plaintiff may commence a new action under the Tennessee saving statute within one year of the nonsuit. <u>Frye v. Blue Ridge Neuroscience Ctr., P.C.</u>, 70 S.W.3d 710, 716 (Tenn. 2002).

Although service of a copy of the complaint and Notice of Voluntary Dismissal do not technically qualify as "process," the Tennessee Supreme Court has equated the two for purposes of determining service under Rule 41.01.[2] <u>See</u> <u>id.</u> at 714. Plaintiff has failed to comply with Tennessee Rule of Civil Procedure 4, which sets forth the proper way to effect service of process. Rule 4.04(10) permits service of process by mail where the process server "shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant." Plaintiff's attorney has submitted an affidavit stating that he sent a copy of both the complaint and the Notice of Voluntary Dismissal, postage prepaid first class, to the officers in care of The City of Memphis

---

[2] Even were the court to consider the Notice of Voluntary Dismissal a pleading subject to service under Rule 5, Plaintiff must first accomplish service of the initial complaint and summons under Rule 4 before being able to take advantage of the less stringent requirements of Rule 5, which allows service by regular mail as opposed to registered or certified mail. <u>Estate of Vanleer v. Harakas</u>, 2002 WL 32332191, at *8 (Tenn. Ct. App. Dec. 5, 2002) (citing Maclean, et al., 3 <u>Tennessee Practice</u> § 5.01).

7

Police Department Court Coordinator Unit. Plaintiff's attorney does not state that these documents were sent by registered return receipt or certified return receipt mail. Plaintiff has not presented the court with receipts indicating the officers received the complaint and the Notice of Voluntary Dismissal. Plaintiff's reliance on hearsay statements to indicate that the officers knew of the earlier suit before the commencement of the present suit indicates that no such receipts exist. Thus, not only did Plaintiff fail to comply with Rule 4's requirements for service of process in the earlier suit, he also failed to provide proper Notice of Voluntary Dismissal.

Plaintiff cites Frye for the proposition that proof of service is not required where the plaintiff can demonstrate the defendant had actual notice of the earlier suit. Although Frye is directly on point, it does not support Plaintiff's argument. In Frye, although the defendants were never served with process, one of the defendants sent the plaintiff a proposed notice of voluntary dismissal. Id. at 711-12. The plaintiff prepared his own notice of voluntary dismissal, but did not attach a certificate of service. Id. at 712. Approximately eight months later, Frye filed a second suit arguing, inter alia, that the statute of limitations had not run based on the Tennessee savings statute and Rule 41.01. Id. The trial court denied defendants' motions for summary judgment on statute of limitations grounds, reasoning that defendants were not

prejudiced because they had actual notice of the previous lawsuit. Id. The Tennessee Supreme Court reversed, holding that the failure to serve copies of the Notice of Voluntary Dismissal and complaint was fatal to the later-filed case, although at least one of the defendants had actual notice of the suit. Id. at 716. The court stated "the Tennessee savings statute may only 'save' a plaintiff's cause of action when the plaintiff has complied with Rule 41.01 by serving the defendant with copies of the Notice of Voluntary Dismissal and the complaint at the time of the nonsuit." Id. at 717. Here, Plaintiff failed to serve Harper and Giannini with those documents.

The court need not consider Defendants' affidavits stating that they did not receive actual notice. The court, however, has considered the affidavit of Plaintiff's attorney and the docket from the previous case, matters outside the pleadings. Accordingly, under Federal Rule of Civil Procedure 12(b), the Defendants' motions are properly considered as motions for summary judgment under Rule 56. There is no need to grant a continuance under Rule 56(f) to allow Plaintiff time to take affidavits and depositions on the statute of limitations issue. Even if Plaintiff were correct that the officers had actual notice of the first suit, the statute of limitations would not be tolled. There being no disputed issues of material fact, for the foregoing reasons, both motions for summary judgment are GRANTED.

So ORDERED this 25th day of August 2004.

/s/ Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:04-CV-02411 was distributed by fax, mail, or direct printing on August 26, 2004 to the parties listed.

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Charles R. Curbo
LAW OFFICE OF CHARLES CURBO
P.O. Box 322
Memphis, TN 38101--032

Honorable Samuel Mays
US DISTRICT COURT