```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

FILED BY _____ D.C.
05 MAY 24 AM 6:38
Ro... ...rollo
CLERK, U.S. DIST. CT.
W. D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| PAUL S. MARKOWITZ, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2411-Ma/An |
| JOHN HARPER, et al., | X | |
| Defendants. | X | |

ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
AND
ORDER DENYING APPOINTMENT OF COUNSEL

On August 26, 2004, the Court entered an order granting the defendants' motion for summary judgment and on September 7, 2004, entered the judgment. On October 1, 2004, the plaintiff, through retained counsel, filed a notice of appeal and paid the $255 appellate filing fee. On January 31, 2005, the Sixth Circuit Court of Appeals allowed retained counsel to withdraw from his representation of the plaintiff. The Court of Appeals granted plaintiff two thirty day extensions of time to retain counsel.

On April 8, 2005, plaintiff filed a motion for appointment of counsel and motion to proceed in forma pauperis on appeal. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an

objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

In granting the defendants' motion for summary judgment on August 26, 2004, the Court determined that plaintiff's complaint was barred by the statute of limitations.[1]

It would be inconsistent for a district court to determine that a complaint is time-barred, yet has sufficient merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that led the Court to grant defendants' motion for summary judgment also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.  Therefore, plaintiff is not entitled to appointment of counsel by this Court.  Accordingly, the motion for appointment of counsel is DENIED.

IT IS SO ORDERED this **23d** day of May, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In an earlier lawsuit, plaintiff failed to properly serve the defendants with the complaint and the notice of voluntary dismissal as required by Tenn. Rules of Civ. P. 4 and 41.  Thus, plaintiff was not entitled to application of the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a) and his statute of limitations was not tolled by the filing of the previous action.

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 2:04-CV-02411 was distributed by fax, mail, or direct printing on May 25, 2005 to the parties listed.

---

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Honorable Samuel Mays
US DISTRICT COURT